IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IN RE: WARREN EASTERLING    :   Case No. 3:14-mc-11
LITIGATION                  :
                            :   District Judge Walter H. Rice
                            :   Chief Magistrate Judge Sharon L.
                            :   Ovington

# REPORT AND RECOMMENDATION[1]

This matter is before the Court for a Report and Recommendation and Certification of Facts to the District Court regarding the Government's motion for an order to show cause and/or to initiate contempt proceedings against Warren Easterling. (Doc. 2).  For the reasons set forth below, it is recommended that a show cause order be issued to Warren Easterling to appear before the District Judge on a date certain and show cause why he should not be held in contempt of court.

## I. CONTEMPT AUTHORITY OF U.S. MAGISTRATE JUDGES

The contempt authority of a United States Magistrate Judge is set forth under 28 U.S.C. § 636(e). Section 636(e)(6) identifies circumstances that exceed a magistrate judge's contempt authority, including acts of contempt in non-consent cases where "the act that constitute[d] a criminal contempt occur[ed] outside the presence of the magistrate judge." 28 U.S.C. § 636(e)(6)(B)(ii).  The role of the magistrate judge in cases that exceed her contempt authority "is to certify facts relevant to the issue of contempt to the

---
[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

district judge." *Euclid Chemical Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (citations omitted). Certification of facts "serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Id*.

## II.  CERTIFIED FACTS

On August 1, 2014, the District Court entered an order in the above-captioned case, barring Warren Easterling from "entering the United States District Courthouse and Office Complex, without the prior written permission of the Chief Judge of the United States District Court for the Southern District of Ohio." (Doc. 1 at PageID # 2). The Order further stated that if Mr. Easterling attempted to enter the courthouse without the aforementioned written permission, "he is to be immediately detained and arrested … and prosecuted for criminal trespass." (*Id*.)  The District Court also ordered that the U.S. Marshals Service personally serve Mr. Easterling with a copy of the Order. (*Id*. at PageID # 3).

According to the sworn affidavit of Supervisory Deputy U.S. Marshal, Jeremy C. Rose, the U.S. Marshals Service personally served the Order on Mr. Easterling on August 1, 2014 at approximately 9:17 a.m. (Doc. 2 at PageID # 8, ¶ 5). Supervisory Deputy U.S. Marshal Rose further stated in his affidavit that upon being served with the Order, "Mr. Easterling promptly indicated that he would not comply with the order and that he intended to come to the federal building any time that he wished." (*Id*.)  Indeed, on August 4, 2014, at approximately 10:55 a.m., Mr. Easterling arrived at 200 West Second

Street and proceeded to enter the courthouse, resulting in his detention and arrest.[2]  (*Id*. at PageID # 8, ¶ 6).

On August 4, 2014, the U.S. Attorney's Office filed a Motion for an Order to Show Cause and/or Initiate Contempt Proceedings.  (Doc. 2).  Mr. Easterling was also charged by Information with criminal trespass, pursuant to the District Court's Order.  *See United States v. Easterling*, Case No. 3:14-po-49-SLO (S.D. Ohio Aug. 4, 2014).

On August 7, 2014, Mr. Easterling appeared before this Court for a detention and plea hearing regarding both the criminal contempt proceedings and the criminal trespass charges.  Mr. Easterling was released on O.R. bond after assuring this Court that he would comply with all conditions and orders going forward and that he would not return to the federal building without permission unless he is required to appear for a scheduled hearing.  Mr. Easterling was also given notice in open court that the Court intended to certify the facts and recommend that the District Judge issue a show cause order, which would require him to appear before the District Court and show cause why he should not be held in criminal contempt.

---

[2] The District Court's Order states that even an <u>attempt</u> to enter the courthouse by Mr. Easterling will result in his immediate detention and arrest. (Doc. 1 at PageID # 2).  However, it bears noting here that Mr. Easterling's conduct went beyond mere attempt.  Supervisory Deputy U.S. Marshal Rose's affidavit states that, upon entering the lobby of the courthouse, Mr. Easterling was advised once again of the District Court's Order and was repeatedly instructed to leave by Deputy U.S. Marshals and other law enforcement.  (Doc. 2 at PageID # 8, ¶ 6).  According to Supervisory Deputy U.S. Marshal Rose, "Mr. Easterling refused to exit the building and became increasingly verbally aggressive with the officers." (*Id*.)  As Mr. Easterling had not been screened for weapons or other dangerous devices, officers ultimately subdued him with a projectile stun gun.  (*Id*.)

### III.  CONCLUSION

Based upon the foregoing, it is recommended that a show cause order be issued to Warren Easterling to appear before the District Judge on a date certain and show cause why he should not be held in contempt of court.

Date:  August 8, 2014                                           *s/ Sharon L. Ovington*
                                                                                  Sharon L. Ovington
                                                                                  Chief U.S. Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).